```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:11-00157

**RODNEY PRESTON SHAFFER, II**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On April 28, 2014, the United States of America appeared by Blaire L. Malkin, Assistant United States Attorney, and the defendant, Rodney Preston Shaffer, II, appeared in person and by his counsel, Mary Lou Newberger, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Troy A. Lanham.  The defendant commenced a three-year term of supervised release in this action on October 15, 2012, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on September 14, 2012.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state and local offense of driving on a suspended license as evidenced by his guilty plea on March 8, 2013, for which he received a jail term of 30 days, suspended, and six months unsupervised probation; (2) the defendant committed a traffic violation for which he was cited on April 22, 2013, as evidenced by his admission to the probation officer that he had committed the red-light traffic violation; (3) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on January 31, 2013, for methamphetamine, the defendant having admitted to the probation officer that he possessed and used methamphetamine on or about January 30, 2013; a positive urine specimen submitted by him on April 18, 2013, for hydrocodone, the defendant having admitted to the probation officer that he possessed and used Lortab without a valid prescription on or about April 18, 2013; a positive urine specimen submitted by him on October 9, 2013, for hydrocodone and oxycodone, the defendant having admitted to the probation officer that he possessed and used Lortab and

Roxicontin on October 7 and 8, 2013; and a positive urine specimen submitted on October 15, 2013, for opiates, the defendant having admitted to the probation officer that he possessed and used Lortab on October 12, 2013; (4) the defendant frequented his cousin's residence where controlled substances were being used as evidenced by the defendant's admission to the probation officer on January 31, 2013; (5) the defendant associated with persons he knew to be in possession of methamphetamine as evidenced by the defendant's admission on January 31, 2013; (6) the defendant failed to submit to random urine screens as directed inasmuch as he submitted diluted or invalid urine specimens on November 9 and 14, and December 27, 2012; April 4, June 17 and 21, July 9, 25 and 29, August 28, and September 12 and 26, 2013; and (7) the defendant failed to abide by the condition that he spend six months at Dismas Charities inasmuch as he reported to the program on November 12, 2013, and was terminated on February 10, 2014, for threatening a staff member; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 28, 2014

John T. Copenhaver, Jr.
United States District Judge